**Ernest S. WILLIAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S02–8910–CR–746.**

Supreme Court of Indiana.

Oct. 4, 1989.

Rehearing Denied Nov. 28, 1989.

**162**

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Williams was convicted in a trial by jury of robbery, a Class C felony. I.C. 35–42–5–1. The Court of Appeals affirmed the conviction in a memorandum decision. The petition of appellant to transfer is granted and the decision of the Court of Appeals is vacated.

The evidence adduced at trial showed that Florence Crockett was working the midnight to 8:00 a.m. shift at a Village Pantry on the southside of Indianapolis on February 18, 1986. Shortly after her shift began, a man approached the counter to purchase a package of cigarettes. As Mrs. Crockett handed him his change, the man told her that he wanted all of the money in the drawer and reached inside his jacket.

Believing that he might have a weapon, Mrs. Crockett gave him the money from the cash drawer. Acting in accordance with her employment training, she observed the man as carefully as she could throughout the robbery for descriptive details that she could give the police. She had three to five minutes to do so. When the man left the store, Mrs. Crockett immediately locked the door, called the police, and gave her account of the robbery, including a description of the perpetrator.

In October of 1986, Detective Hilligoss of the Indianapolis Police Department received information from an unidentified informant that appellant was involved in the February 18 robbery. Acting on this information, Detective Hilligoss assembled a photo array which included a picture of appellant and took it to Mrs. Crockett. She picked out the photo of appellant as being that of the man who robbed her. At a six-person lineup conducted at the Marion County Jail on December 11, 1986, and again at trial, Mrs. Crockett identified appellant as the perpetrator. There was no testimony or evidence other than that of Mrs. Crockett and Detective Hilligoss offered by the State. Appellant appeals his conviction, asserting that Detective Hilligoss's testimony concerning the information from the unidentified informant was erroneously admitted and that the conviction was based on insufficient evidence.

Issue 1

Hearsay is defined as out-of-court statements offered in court to prove the truth of the matter therein. *Blue v. Brooks* (1973), 261 Ind. 338, 343, 303 N.E.2d 269, 273. Hearsay testimony is to be excluded from judicial proceedings because its admission defeats the criminal defendant's right to confront and cross-examine witnesses against him. *Carroll v. State* (1975), 263 Ind. 696, 700, 338 N.E.2d 264, 268. The hearsay rule does not apply so as to require exclusion of police "[t]estimony which contains out-of-court statements by third parties but [which] is introduced primarily to explain why a particular course of action was taken" during a criminal investigation. *Johnston v. State* (1988), Ind., 530 N.E.2d 1179, 1181; *Rhoton v. State* (1985), Ind., 486 N.E.2d 495. When approving the admission of such testimony, this Court requires a reasonable level of assurance that such testimony was not offered by the proponent nor received

by the trier of fact as evidence of the truth of the third party's statement. In *Johnston*, that assurance was provided in part by an immediate admonition by the trial judge which appropriately limited the jury's use of the testimony. In *Head v. State* (1982), Ind., 443 N.E.2d 44, 59, such assurance was present where the testifying officer described "an anonymous tip" received by telephone as merely playing a part in the investigation and decision to include the defendant's photograph in an array.

Here, Detective Hilligoss testified before the jury as follows: "I received information, in October, from an informant, that an Ernest Williams, a Black male, *was involved* in the robbery of a Village Pantry on the southside of Indianapolis," T.R. at 182 (emphasis added), and that based on this information he included appellant's picture in a photo array to show to the victim. Detective Hilligoss's testimony, while explaining the basis for his decision, was nevertheless hearsay. Unlike the testimony in *Head*, Hilligoss's statement was sufficiently specific and detailed to provide the jury with a basis for making inferences that the informant had knowledge that appellant committed the offense and that appellant was therefore guilty as charged. Appellant, however, was provided with no opportunity to test these inferences through cross-examination. It also tended to support the credibility of Mrs. Crockett when she identified appellant as the perpetrator. The error here was not harmless. Appellant's conviction is, therefore, reversed.

### Issue 2

■ No double jeopardy problem is presented by a retrial of this cause. Both the United States Supreme Court and this Court have addressed the question of how erroneously admitted evidence affects the appropriateness of a retrial in terms of compliance with the strictures of the Double Jeopardy Clause. In *Lockhart v. United States*, 488 U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the United States Supreme Court held that where the "trial court erred in admitting a particular piece of evidence [without which] there was insufficient evidence to support a judgment of conviction [and where] clearly *with* that evidence, there was enough to support the sentence[,] ... a reviewing court must consider all of the evidence admitted by the

trial court in deciding whether retrial is permissible under the Double Jeopardy Clause...." *Id.* at ——, 109 S.Ct. at 290–91, 102 L.Ed.2d at 273 (emphasis in original). This Court has held that "where the appellate court reverses the conviction for 'trial error' and the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, no double jeopardy question is presented on a retrial." *Perkins v. State* (1989), Ind., 542 N.E.2d 549, 551, *citing Lockhart*, 488 U.S. at ——, 109 S.Ct. at 287, 102 L.Ed.2d at 269–70. *See also Phillips v. State* (1989), Ind., 541 N.E.2d 925; *Henson v. State* (1989), Ind., 535 N.E.2d 1189; *Small v. State* (1988), Ind., 531 N.E.2d 498. Here, the evidence presented at appellant's trial, the testimony of Mrs. Crockett describing the episode and identifying appellant as the robber together with the erroneously admitted informant testimony of Detective Hilligoss, was sufficient to support appellant's conviction. This cause can be remanded for retrial without offending the protections afforded by the Double Jeopardy Clause.

The judgment of the trial court is reversed and this case is remanded for retrial.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents in part and concurs in part with separate opinion, in which PIVARNIK, J., concurs.

PIVARNIK, J., dissents with separate opinion in which GIVAN, J., concurs.

GIVAN, Justice, dissenting in part and concurring in part.

I respectfully dissent from the majority opinion in holding that the statement by Detective Hilligoss that he obtained information that appellant had participated in a robbery, which information led him to include appellant's picture in a photographic array to be presented to the victim of the robbery, is reversible error.

I believe Judge Buchanan's opinion is correct in observing that the testimony, although containing out-of-court statements by a third party, was introduced primarily to explain why a particular course of action was taken. All that Detective Hilligoss's testimony does is tell the

jury that at some time during the investigation appellant became a suspect. I would presume that such fact would be obvious to a jury in any criminal prosecution. Detective Hilligoss made no attempt to describe how his informant came about the information or what caused that person to believe that appellant might have been involved. I would deny transfer in this case.

Assuming that the State will be required to try appellant again, due to the reversal by the majority of this Court, I concur with the majority that retrial is proper and not subject to a claim of double jeopardy.

PIVARNIK, J., concurs.

PIVARNIK, Justice, dissenting.

I must respectfully dissent from the majority in its holding that the statement by Detective Hilligoss went beyond the permissible bounds of the hearsay rule and its corollary which permits testimony that contains out-of-court statements by third parties but is introduced primarily to explain why a particular course of action was taken pursuant to *Johnston v. State* (1988), Ind., 530 N.E.2d 1179, 1181, cited by the majority.

The statement by Detective Hilligoss, "an Ernest Williams ... *was involved* in the robbery of a Village Pantry on the south side of Indianapolis," did nothing more than explain the subject covered by the undisclosed source that related it to the Village Pantry robbery under investigation and before us in this appeal. Obviously that would be inferred without the explanatory statement. In other words, the fact that, following receipt of this piece of intelligence, Detective Hilligoss went to Florence Crockett with a photograph of Williams, tells us and the jury that the intelligence involved Williams with the robbery. Detective Hilligoss' testimony said nothing more.

I would deny transfer and allow the judgment of the trial court to stand.

GIVAN, J., concurs.