Howard R. CRAIG, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 33S01–9403–CR–242.

Supreme Court of Indiana.

March 14, 1994.

Kenneth M. Stroud, Sp. Asst. to the State Public Defender, Susan K. Carpenter, Public Defender of Indiana, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

DeBRULER, Justice.

A jury found appellant Howard R. Craig, Sr. guilty of Child Molesting, Ind.Code § 35-42-4-3(a), a Class B felony, and Incest, I.C. § 35-46-1-3, a Class D felony, by having sexual contact with his son. Craig received sentences of ten years for the Child Molesting offense, and one and one-half years for the Incest offense, with the sentences to be served concurrently. The Court of Appeals affirmed the Child Molesting conviction, but ordered the Incest conviction vacated, because the underlying proof of both offenses was that of the same single sexual act. *Craig v. State* (1993), Ind.App., 613 N.E.2d

501. Craig petitions for transfer. Transfer is granted.

On the weekend of January 12, 1991, appellant had custody of his son Howard, the putative victim, for visitation. The son was seven years old at the time, and lived with his mother, Tammy Davis, who is divorced from appellant. Appellant and his son spent the night at the home of Pamela Campton, appellant's girlfriend.

At trial the boy testified that during the night, he got up to use the bathroom. While he was still in the bathroom, appellant entered the bathroom, disrobed, and laid against the bathroom wall. The boy then described how appellant placed his penis in the boy's mouth. The boy testified without objection:

Q Well what happened. Tell these people what happened.

A He [appellant], he was laying on the side of the wall by the tub. He pressed my head down toward his . . .

Q And he did what? Pressed your head down?

A Um, um.

Q Down where?

A To his wiener.

Q To his wiener. And what did he do then?

A Tried to use the restroom.

.        .        .        .        .

Q Did he have you put your mouth any place?

A On his wiener.

The prosecutor also asked whether the boy had told anyone about the incident:

Q You went to sleep. And did you tell anybody what happened little Howard?

A Yeah, my Mom.

Q Okay. And when did you tell your Mom? Do you remember?

A The next day when I had to go home.

This colloquy does not show how the boy related the incident to his mother. The boy further testified:

Q Did you talk with Mr. Heiden?

A Yeah.

This colloquy does not show how the boy related the incident to Police Officer Heiden.

At trial the mother, Tammy Davis, testified about family history, including her son's birth, her residences, marriage to appellant, and her divorces. She testified with respect to her son's statement to her:

Q   Okay. And had little Howard reported something to you or told you something?

A   He was having problems from the time that he had come back from visitation with his father and it went on for about two weeks between me and his teacher noticing he was having problems. So I took him in my room and asked him what was wrong. I asked him a bunch of different things like, did I do something wrong. And he said no. I said is it. . . .

A hearsay objection was sustained at this point. This colloquy and further testimony of the mother does not reveal what was said by the boy. The mother also testified with respect to a conversation with Police Officer Heiden:

Q   Okay. As a result of your conversation with little Howard and, did you then go talk to Mr. Heiden?

A   Yes, I did.

This colloquy and further testimony of this witness does not show the content of the conversation.

At trial over a hearsay objection, the trial prosecutor was permitted to ask the following question of Heiden and to receive the following answer:

Q   Ok. What did Tammy tell you?

A   That, uh, Howard Craig, Sr. had put his penis into Howard Craig, Jr.'s mouth.

This answer shows the actual words attributed to the boy by the mother in her conversation with Police Officer Heiden.

Also at trial, over hearsay objection, the trial prosecutor was permitted to ask the following question of Police Officer Heiden and to receive the following answer from him:

Q   What did Little Howard tell you at that time?

A   Little Howard gave me a statement, . . . indicating that . . . his father had pushed his head down onto his wee-wee.

This answer provides the words uttered by the boy under questioning by Heiden. Appellant testified at trial that the incident did not occur.

Appellant claims in this appeal that the trial court committed error in overruling his hearsay objection to Heiden's testimony showing what Tammy Davis had reported to him with respect to what the boy had reported to her. The position of the State at the trial level and on appeal is that the objection was properly overruled because the Heiden testimony was not hearsay (1) in that it was a prior consistent statement under the *Modesitt* rule, and (2) in that it did not fit within the definition of hearsay, as it was not offered to prove the truth of the matter asserted, i.e., that appellant had molested his son.

■   Hearsay is evidence of a statement made out of court that is offered in a judicial proceeding to prove the truth of a fact asserted in the statement. Ind.Evidence Rule 801(c); *Timmons v. State* (1992), Ind., 584 N.E.2d 1108; *McConnell v. State* (1984), Ind., 470 N.E.2d 701. Hearsay does not include a statement made out of court by a witness who testifies in court and under the several circumstances outlined in Evid.R. 801(d) and *Modesitt v. State* (1991), Ind., 578 N.E.2d 649. Apropos to this appeal, one such circumstance is present when the witness is subject to cross-examination about the statement and the statement is consistent with trial testimony and offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, and made before the motive to fabricate arose. Hearsay is not admissible unless it fits within some exception to the hearsay rule. Evid.R. 802 and 803; *Miller v. State* (1991), Ind., 575 N.E.2d 272. A trial error in the admission of hearsay evidence warrants remedial action on appeal, where such error caused prejudice to the substantial rights of the defendant. *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759.

■   The State first argues that the mother's out-of-court statement to Police Officer

Heiden was consistent with her trial testimony, was offered to rebut a charge by the defense that she had recently fabricated her story, and that the statement was therefore admissible under the *Modesitt* holding. This was not the basis of the ruling of the trial court and there was no such contention in the trial court. However, even if it were the basis, a comparison of the testimony of the mother with that of Police Officer Heiden requires rejection of this first argument in justification of the ruling. The statement attributed to the mother by Lieutenant Heiden is neither consistent nor inconsistent with her trial testimony. She did not give the content of out-of-court statements that she made to Heiden or that her son made to her. *Modesitt* does not apply.

■ The State's second argument is like the first, not based upon the applicability of an exception to the hearsay rule. Rather, it is based upon that part of the definition of hearsay requiring a statement to be offered as proof of a fact asserted. The contention is that the Heiden testimony recounting the out-of-court statement of Tammy Davis was not hearsay because it was not offered as proof of the facts asserted in the statement, but to show that a report was made and to explain the conduct of the police in interviewing the boy. We recognize the apparent variation in the opinions of this Court when applying the hearsay definition where there is a challenge to the testimony of police officers who are recounting out-of-court statements received during investigations. It is appropriate to clarify.

In *Torres v. State* (1982), Ind., 442 N.E.2d 1021, a child molesting case, the police received photographs showing a man sexually assaulting a child and a written card naming appellant as the man. In the prosecution for the crimes depicted, the trial court ruled the card admissible to explain the conduct of the police investigation. This Court held the ruling error, stating:

> In the case at bar, the incriminating statement made by an unknown and unavailable declarant specifically named appellant as the perpetrator of the offense portrayed by the photographs. Any explanation of Officer Ballard's conduct in his investigation

would have been properly limited to his testimony that he followed leads provided by the card.

*Id.* at 1024. Here, in like fashion, the evidence of Lieutenant Heiden specifically identified appellant as the perpetrator, and was not limited to a generality that he commenced his investigation in response the report of Tammy Davis.

In a similar vein, in *Williams v. State* (1989), Ind., 544 N.E.2d 161, a fast food robbery case, a detective was permitted, over hearsay objection, to testify to a tip which identified appellant as the robber. The trial court ruled that the testimony was not hearsay in that it was admitted to explain why a photo of Williams was included in a photo array shown the victim. This Court reversed, saying:

> When approving the admission of such testimony, this Court requires a reasonable level of assurance that such testimony was not offered by the proponent nor received by the trier of fact as evidence of the truth of the third party's statement.

*Id.* at 162–63.

In *Johnston v. State* (1988), Ind., 530 N.E.2d 1179, this Court approved the admission of an informant's out-of-court statement, over hearsay objection, that defendant was involved in drug trafficking activities. Despite the fact that the informant did not testify and the statement specifically incriminated the defendant, its use was sanctioned by this Court to show why the police commenced its undercover investigation of defendant. In similar fashion in *McNew v. State* (1979), Ind., 391 N.E.2d 607, this Court approved the trial use of a police officer's testimony repeating the statement of a second officer that, based upon an incident report seen by the second officer, defendant should be considered a possible suspect.

■ It may be induced from the aforementioned instances, where proof of out-of-court statements received by police officers engaged in investigative work are challenged as hearsay, that additional judicial effort in this area is appropriate. A full consideration of the viability of such a hearsay challenge in this area would include several discrete

steps. After a proper hearsay objection has been made, the following analytical questions are essential:

1. Does the testimony or written evidence describe an out-of-court statement asserting a fact susceptible of being true or false?

If the statement contains no such assertion, it cannot be hearsay and the objection should be overruled. If the out-of-court statement does contain an assertion of fact, then the Court should consider the following before ruling:

2. What is the evidentiary purpose of the proffered statement?

Whether evidence of an extrajudicial utterance qualifies as hearsay depends upon the purpose for which it is offered. *Indianapolis Newspapers, Inc. v. Fields* (1970), 254 Ind. 219, 259 N.E.2d 651 (Per DeBruler, J. with one Justice concurring). If the evidentiary purpose is to prove a fact asserted, and such purpose is not approved under Evid.R. 801(d), then the hearsay objection should be sustained, unless the statement fits an exception to the hearsay rule.

■ If the proponent of the statement urges a purpose other than to prove a fact which is asserted, then the Court should consider the following before ruling:

3. Is the fact to be proved under the suggested purpose for the statement relevant to some issue in the case, and does any danger of prejudice outweigh its probative value?

Consideration of the relevance of the fact sought to be proved under the proffered non-hearsay purpose is essential to a proper ruling upon the objection. Relevance is the tendency to make a fact of consequence to the determination of the action more or less probable. Evid.R. 401; *Barnes v. Barnes* (1992), Ind., 603 N.E.2d 1337. If the fact sought to be proved under the suggested non-hearsay purpose is not relevant, or it is relevant but its danger of unfair prejudice substantially outweighs its probative value, the hearsay objection should be sustained.

In the present case, the testimony of Police Officer Heiden described an out-of-court statement of the mother, Tammy Davis, and the statement contained an assertion of facts, namely that two weeks after the visitation with appellant, the boy spoke to his mother saying that appellant had put his penis into the boy's mouth. Because of this factual assertion, the objection could not be overruled on the basis of the first step above.

The State presented the contention in opposition to the hearsay objection that the purpose of the testimony was not to prove the facts asserted, but to prove that a report was made by the mother and to explain why the police investigated as they did. Quite clearly, the specific content of the report of the mother to Police Officer Heiden was not a contested issue in this case. Neither was there a significant issue raised with respect to the propriety of the decision of the police to investigate the report. Neither of the out-of-court statements, that of the mother and that of the child as repeated by the mother, had any conceivable relevance apart from proving the facts asserted in the statements.

■ The question remains whether the erroneous admission of the hearsay testimony requires reversal. Reversal for such error is appropriate where the evidence caused prejudice to the appellant's substantial rights. *Martin v. State* (1993), Ind., 622 N.E.2d 185. In determining whether error in the introduction of evidence affected the appellant's substantial rights, this Court must assess the probable impact of that evidence upon the jury. *Timmons*, 584 N.E.2d 1108.

■ In the present case, the boy, in testifying, spoke in detail in plain words about the attack in the bathroom and about the fact of his prior statements, as from firsthand knowledge. The testimony of Tammy Davis and Officer Heiden with respect to those statements confirmed but did not elaborate upon that which was already adduced at trial via the boy's direct testimony, or plainly inferable from the other proper evidence adduced at trial when considered as a whole. Although the statements of Davis and Heiden were excludable and impermissible as hearsay, there was little to undermine the credibility of the boy and we believe under the circumstances of this case, the tendency of their statements to bolster his credibility

had only minor impact on the jury. Accordingly, we hold that the error in the admission of the two statements was harmless, and reversal is not required.

We agree with the court of appeals opinion with regards to the vacation of the incest conviction. We expressly adopt and incorporate by reference that part of the court of appeals opinion. However, we do not agree with the hearsay analysis and the reasoning supporting the conviction. Because we grant transfer, we vacate that part of the opinion of the court of appeals. Ind.Appellate Rule 11(B)(3). The judgment of the trial court with regard to the Child Molesting conviction is affirmed. We remand this case to the trial court, ordering the trial court to vacate the conviction of incest.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

GIVAN, J., dissents with opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in their holding that the trial court erred in permitting the victim's mother and the police officer to testify as to the child's report of the crime to them.

In view of the fact that the opinion of the Court of Appeals is published at 613 N.E.2d 501, I feel it is unnecessary to go into detail in this dissent. The child testified that his father forced him to put his mouth on his "weiner." This of course is the substance of the charge. Nothing more was gained from the testimony of either the mother or the officers concerning the charge.

I believe the Court of Appeals' opinion is correct in all respects. I would deny transfer in this case.