## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2015, 6:17 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott Bowcock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 9, 2015

Court of Appeals Cause No.
15A04-1504-CR-276

Appeal from the Dearborn
Superior Court

The Honorable Sally McLaughlin,
Judge

Trial Court Cause No.
15D02-1401-FA-5

**Barnes, Judge.**

# Case Summary

Scott Bowcock appeals his conviction for Class A felony attempted child molesting as well as his forty-year sentence for that offense and for Class C felony child molesting. We affirm.

# Issues

Bowcock raises three issues, which we restate as:

> I. whether the trial court properly permitted the State to amend the charging information to include a charge of Class A felony attempted child molesting;
>
> II. whether the trial court properly denied Bowcock's request for a continuance; and
>
> III. whether his sentence is inappropriate.

# Facts

Beginning in May 2013, forty-four-year-old Bowcock regularly babysat his cousin's children, including A.H., who was born in 2005. In January 2014, A.H. reported that Bowcock had tickled her vagina with his hand and had put a plastic toy hockey stick and paint brush handle in her anus. During interviews with police, Bowcock acknowledged tickling A.H.'s vagina and "goos[ing]" her with the hockey stick but maintained he was "just goofing off." Ex. 1R.

In January 2014, the State charged Bowcock with Class A felony child molesting alleging that Bowcock "penetrated the anus of A.H., with a paint brush handle and/or a child's hockey stick[.]" App. p. 19. The State also

charged Bowcock with Class C felony child molesting alleging that he fondled or touched A.H. with the intent to arouse or satisfy sexual desires.

[5] A jury trial was scheduled for February 17, 2015. On February 9, 2015, the State moved to amend the information to include a charge of Class A felony attempted child molesting, alleging that Bowcock took a substantial step toward the crime of child molesting by placing "a paint brush handle and/or a child's hockey stick against the anal area of A.H." App. p. 258. The State also intended to add a charge of Class D felony battery, alleging that Bowcock poured hot water on A.H.'s vaginal and/or anal area.

[6] Bowcock objected to the amendments, arguing that the amendments were substantive because they affected possible theories of defense. Alternatively, he requested that the trial be continued. On February 13, 2015, the trial court denied the State's request to add the battery charge and granted the request to add the Class A felony attempted child molesting charge. The trial court also denied Bowcock's request for a continuance. The jury trial was conducted as scheduled, and the jury could not reach a verdict on the Class A felony child molesting charge and found Bowcock guilty of Class A felony attempted child molesting and Class C felony child molesting. The trial court sentenced Bowcock to forty years on the Class A felony charge and to eight years on the Class C felony charge and ordered the sentences to be served concurrently for a total sentence of forty years. Bowcock now appeals.

# Analysis

## *I. Motion to Amend*

Bowcock argues that the trial court improperly permitted the State to amend the charging information to include the attempted child molesting charge. Amendments to a charging information are governed by Indiana Code Section 35-34-1-5. An information may be amended in matters of substance at any time before trial "if the amendment does not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(b)(2) "Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(c).

"A defendant's substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights." *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (quotation omitted). "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." *Id.* at 405-06 (quotation omitted).

Bowcock contends that, prior to the amendment, A.H.'s version of events—that Bowcock repeatedly put the toy hockey stick and paint brush handle in her anus without causing any injury or bleeding—defied belief, and she could not be

telling the truth.  He claims that the amendment significantly changed his ability to defend his case by arguing impossibility.

[10]  Bowcock's claim of impossibility is based on the contention that the blade end of the toy hockey stick was too large to penetrate a child's anus.  To the extent the defense of impossibility was available on the Class A felony child molesting charge,[1] it remained a viable defense to that charge.  And, in fact, Bowcock argued this theory to the jury at trial.

[11]  Regarding the addition of the Class A felony attempted child molesting charge, Bowcock had acknowledged goosing A.H. "in the butt crack but not with clothes down" and had acknowledged during interviews with the police that the hockey stick could have gone under her shorts. Ex. 6R at 5:18.  Thus, the issue was not impossibility; the issue was intent.  Because Bowcock had consistently maintained that they were just engaged in horseplay and goofing around, the defense of lack of intent was always available to him as it related to the Class A felony molesting charge and continued to be available to him as it related to both charges after the amendment.  This theory was also argued to the jury at trial.  Because the defense of impossibility remained available as it related to the

---

[1]  Bowcock refers to a portion of the testimony of the State's medical expert, Dr. Kathi Makoroff, who testified that "we don't know how far the . . . hockey stick could penetrate. . . .  [I]f you have sort of a blunt and wide distance here, it would be impossible for that to penetrate the anus."  Tr. p. 662.  About the hockey stick, Dr. Makoroff also testified, "that could certainly, um, go into that area and hurt but necessarily leave any kind of lasting injury there . . . ."  *Id.* at 653.  Regardless, Bowcock provides no evidentiary support for his argument that penetration by the paint brush handle was impossible.  And, in fact, Dr. Makoroff answered yes when asked, "in your professional opinion, could these acts of molestation occurred and they didn't present or cause any physical injury to the child?"  *Id.* at 654-55.

original Class A felony child molesting charge and because the defense of lack of intent remained available to both Class A felony charges, Bowcock has not shown that the amendment prejudiced his substantial rights. The trial court did not err in allowing the State to amend the charging information to include the attempt charge.

## II. Continuance

Bowcock also argues that the trial court erred in denying his request for a continuance given the amendment of the charging information only days before trial. Rulings on non-statutory motions for continuance lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind. 2000).

Bowcock claims that he was forced to defend against the new charges within only days after having been notified of the amendment and the denial of his motion to continue. He argues that his attorney needed additional time to fully prepare a defense to the new charges. Bowcock, however, does not specify what additional defenses he intended to pursue or what additional discovery was necessary to fully prepare for trial.

The attempt charge was based on the same conduct that was the basis of the Class A felony child molesting charge, with the original charge alleging that Bowcock penetrated A.H.'s anus with a hockey stick and/or paint brush handle and the attempt charge alleging that he placed the hockey stick and/or paint

brush handle "against the anal area of A.H." App. p. 258. Bowcock had acknowledged goosing A.H. and maintained that he was "just goofing off." State's Ex. 1R at 10:19. Thus, the defense of lack of intent was available to Bowcock before the amendment as it related to Class A felony child molesting charge and after the amendment as it related to both Class A felony charges. Bowcock has not established that the trial court abused its discretion in denying his motion to continue.

### III. Sentence

[15] Bowcock argues that his forty-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[16] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than

the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[17] Bowcock's challenge to his sentence is focused on the inappropriateness of the forty-year sentence for the Class A felony conviction. However, the eight-year sentence for the Class C felony conviction was ordered to run concurrent with the Class A felony sentence, for an aggregate sentence of forty years. As our supreme court has explained, "In the vast majority of cases, whether these are derived from multiple or single counts, involve maximum or minimum sentences, and are concurrent or consecutive is of far less significance than the aggregate term of years." *Cardwell*, 895 N.E.2d at 1224. Accordingly, we need not determine whether the Class A felony sentence was inappropriate; instead, we review the aggregate forty-year sentence for both offenses in light of the nature of the offenses and the character of the offender.

[18] Regarding the nature of the offense, Bowcock admitted to tickling eight-year-old A.H's vagina and to goosing her with the toy hockey stick. Although he described this as horseplay, A.H. described Bowcock pulling her pants down

and inserting the hockey stick and paint brush handle in her anus on numerous occasions. A.H. described Bowcock holding her arms and threatening her if she reported the molestation. Bowcock contends that his sentence is inappropriate because the there was no "physical impact or injury." Appellant's Br. p. 22. Although there was no evidence of physical injury, A.H.'s mother testified at the sentencing hearing that since the molestation A.H. is sad, ashamed, and afraid and that Bowcock took away A.H.'s "innocence, her pride, and her self-esteem." Tr. p. 722.

[19] Regarding Bowcock's character, although he has no criminal history, he committed these offenses while holding a position of trust with A.H. He is A.H.'s mother's cousin and was their regular babysitter during the summer and fall of 2013. He took advantage of that position of trust to commit these offenses against A.H. In defense of his character, Bowcock points out that he "is a self-professed forty-six year old virgin with deeply rooted Christian beliefs concerning premarital sex." Appellant's Br. p. 23. Despite these allegedly deeply-rooted religious beliefs, A.H. took advantage of his relationship with A.H.'s family and committed sex offenses against eight-year-old A.H. He also blamed A.H. for his predicament by suggesting at the sentencing hearing that she lied to get her mother's love. This does not reflect well on his character. Neither the nature of the Class A felony and Class C felony offenses nor Bowcock's character necessitates the reduction of his sentence.

# Conclusion

Because the late addition of the attempt charge did not prejudice Bowcock's substantial rights, the trial court did not err in allowing the State to amend the information or abuse its discretion in denying the request for a continuance. Bowcock has not established that his forty-year sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.