# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2017, 7:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terrius Anderson,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

December 7, 2017

Court of Appeals Case No.
49A02-1705-CR-976

Appeal from the Marion Superior Court

The Honorable Barbara C. Crawford, Judge

Trial Court Cause No.
49G09-1603-F6-11112

**Bradford, Judge.**

# Case Summary

[1] In March of 2016, Indianapolis Metropolitan Police Detective Sergeant Karen Dague was interviewing N.H., a human-trafficking victim, in the detective's vehicle, which was parked in a public parking lot. A vehicle driven by Appellant-Defendant Terrius Anderson pulled alongside Detective Dague's vehicle. When N.H. appeared to become scared, Detective Dague turned around to see Anderson, sitting with both legs out of his vehicle, not wearing pants, and stroking his bare penis. When Detective Dague attempted to write down Anderson's license plate number, Anderson quickly backed his vehicle out, requiring Detective Dague to jump out of the way.

[2] The State charged Anderson with, *inter alia*, conducting a performance harmful to minors and criminal recklessness. At trial, Detective Dague testified that N.H. was fourteen years old and that she knew this because N.H. had told her and Homeland Security had verified the information. The trial court found Anderson guilty of conducting a performance harmful to minors and criminal recklessness and imposed sentence. Anderson contends that the trial court abused its discretion in admitting Detective Dague's testimony regarding N.H.'s age. Because we agree, we affirm in part, reverse in part, and remand with instructions to vacate Anderson's conviction for conducting a performance harmful to minors.

# Facts and Procedural History

[3]     At approximately 10:25 a.m. on March 21, 2016, Detective Dague, a supervisor in the human trafficking unit, was interviewing N.H. in a public parking lot near 21st Street and Shadeland Avenue in Indianapolis. Detective Dague had apparently personally met with N.H. twice before. As Detective Dague spoke with N.H. in the detective's undercover vehicle, another vehicle pulled into the next space. At some point, Detective Dague noticed that N.H. "got a very scared look on her face[,] got tears in her eyes and her eyes got wide." Tr. Vol. II p. 13. Detective Dague turned around and saw "Anderson sitting with both legs out of his car without pants on with an erect penis. Stroking it up and down looking at me, red eyes smiling." Tr. Vol. II p. 13. Detective Dague was unable to arrest Anderson because she was with N.H. but did stand behind his vehicle to record his license plate number. As Detective Dague was doing this, "all of a sudden the car [revved] and came at [her] at fast speed and [she] jumped out of the way." Tr. Vol. II p. 15.

[4]     On March 23, 2016, the State charged Anderson with Level 6 felony dissemination of matter harmful to minors, two counts of Class A misdemeanor public indecency, Class B misdemeanor public nudity, and Class B misdemeanor criminal recklessness. The State later added a charge of Level 6 felony conducting a performance harmful to minors. On March 20, 2017, a bench trial was held. Detective Dague testified that she believed N.H. to be fourteen years old and later testified that she knew this because N.H. had told her and from information received from Homeland Security. Anderson

objected to his testimony on hearsay grounds, which objection the trial court overruled. Ultimately, the trial court entered judgment against Anderson for conducting a performance harmful to minors and criminal recklessness. On April 17, 2017, the trial court sentenced Anderson to 180 days of incarceration for criminal recklessness and 545 days for conducting a performance harmful to minors. After taking earned credit time into account, Anderson received a 292-day sentence, all suspended to probation.

# Discussion and Decision

## Admission of Detective Dague's Testimony Regarding N.H.'s Age

[5] Anderson argues that the trial court abused its discretion in admitting Detective Dague's testimony regarding N.H.'s age. In general, the admissibility of evidence is within the sound discretion of the trial court. *Curley v. State*, 777 N.E.2d 58, 60 (Ind. Ct. App. 2002), *trans. denied*. We will reverse a trial court's decision on the admissibility of evidence only upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. The Court of Appeals may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005), *trans. denied*. We do not reweigh the evidence, and consider the evidence most favorable to the trial

court's ruling. *Hirsey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*.

[6] Anderson contends that Detective's Dague's testimony regarding N.H.'s age is inadmissible hearsay. The State argues that the record is sufficient to establish that Detective Dague had personal knowledge of N.H.'s age.

> Hearsay is evidence of a statement made out of court that is offered in a judicial proceeding to prove the truth of a fact asserted in the statement. Ind. Evidence Rule 801(c); *Timmons v. State* (1992), Ind., 584 N.E.2d 1108; *McConnell v. State* (1984), Ind., 470 N.E.2d 701…. Hearsay is not admissible unless it fits within some exception to the hearsay rule. Evid. R. 802 and 803; *Miller v. State* (1991), Ind., 575 N.E.2d 272. A trial error in the admission of hearsay evidence warrants remedial action on appeal, where such error caused prejudice to the substantial rights of the defendant. *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759.

*Craig v. State*, 630 N.E.2d 207, 209 (Ind. 1994).

[7] We agree with Anderson that Detective Dague's testimony was inadmissible hearsay. Although Detective Dague testified that she had personal knowledge of N.H.'s age, she testified that she knew N.H.'s age because (1) N.H. told her and (2) Homeland Security verified the information. Put simply, to the extent that Detective Dague knew N.H.'s age, it was because somebody told her, which is insufficient to establish personal knowledge. *See* Ind. Evidence Rule 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Because these out-of-court statements were being used to establish N.H.'s age, they fit squarely within the definition of hearsay.

[8] The State argues that ruling in Anderson's favor would provide the basis for exclusion of evidence of any name, date, or place in any trial. This argument fails to account for the various hearsay exceptions that might be used to prove a person's age, none of which were used here, even assuming such evidence exists. For example, age could be proved by the admission of a public record of a vital statistic, Evid. R. 803(9); a record of a religious organization concerning personal or family history, Evid. R. 803(11); a birth certificate, Evid. R. 803(12); family records, Evid. R. 803(13); or the hearsay exception that it seems would most often allow a witness to testify regarding her own age, reputation concerning personal or family history, Evid. R. 803(19). *See also Hengstler v. State*, 189 N.E. 623, 627 (Ind. 1934) ("Appellant complains of permitting the prosecuting witness to testify as to her age upon information from her mother[.] Such evidence is competent."). A parent, family member, or friend may also be in a position to give testimony as to a child's age. Given the myriad ways in which age can be proved in court, the State has not convinced us that a ruling in favor of Anderson would lead to successful challenges to any attempt to do so. We conclude that Anderson has established that the trial court abused its discretion in admitting Detective Dague's testimony regarding N.H.'s age. Consequently, as the State concedes would be appropriate if Anderson won on the evidentiary challenge, we remand with instructions to vacate Anderson's

conviction and sentence for Level 6 felony conducting a performance harmful to minors.

[9] We affirm the judgment of the trial court in part, reverse in part, and remand with instructions.

May, J., and Barnes, J., concur.