## OPINION ON REHEARING



**FILED**

Sep 12 2019, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Hedrick, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 12, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1945 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Linda Ralu Wolf, Judge <br><br> Trial Court Cause No. <br> 18C03-1501-F6-1 |

**Riley, Judge.**

[1] This case is before us on a petition for rehearing filed by Appellant-Defendant, William Hedrick, M.D., (Hedrick). The Appellee-Plaintiff, the State, has not filed a responsive brief. Hedrick appealed his convictions for three Counts of Level 6 felony forgery and three Counts of Level 6 felony registration offenses. *Hedrick v State*, 124 N.E. 3d 1273 (Ind. Ct. App. 2019). For the forgery offenses, the State alleged that Hedrick had used the name and suspended DEA registration number of nurse practitioner Gay Watson to fill three separate prescriptions. For the registration offenses, the State alleged that Hedrick had knowingly or intentionally distributed controlled substances with a federal or state registration number "that is fictitious, revoked, suspended or issued to another person." *Id.* The issues we addressed on appeal were: (1) Whether the trial court erred by admitting certain evidence; (2) Whether the State presented sufficient evidence beyond a reasonable doubt to support Hedrick's convictions; and (3) Whether the three forgery convictions violated the continuous crime doctrine. We affirmed.

[2] In our original opinion we stated that Hedrick had failed to object to the DEA Agent's deposition testimony; thus, he had waived his claim for appellate review. We stated:

> At Hedrick's trial, a DEA agent testified that after Hedrick's license had been placed on probation, the DEA began receiving complaints pertaining to Hedrick's practice. When asked to

describe the complaints, Hedrick's counsel interjected and stated, "Objection for hearsay purposes. Go ahead." (Tr. Vol. II, p. 128). The trial court did not issue a ruling on Hedrick's objection, and the DEA agent proceeded to testify as follows:

> The complaints focused primarily on the concerns that the local pharmacies had regarding the total number of prescriptions being, controlled substance prescriptions being prescribed out of his business entity, his medical practice, by him and his employees and the dangerous combinations of controlled substances being prescribed.

(Tr. Vol. II, p. 128). While it appears from the above excerpt that Hedrick objected to the evidence, he did not give the trial court the opportunity to evaluate the purpose of the statements which he now alleges to be inadmissible hearsay or to consider the applicability of exceptions to the hearsay rule. The failure to object at trial waives any claim of error and allows otherwise inadmissible hearsay evidence to be considered for substantive purposes. *Scott v. State*, 803 N.E.2d 1231, 1238 (Ind. Ct. App. 2004). Accordingly, Hedrick waives this issue for appellate review.

*Id.* at 1279.

[3] In his petition for rehearing, Hedrick claims that we erroneously stated that he failed to object to the DEA Agent's hearsay testimony offered at his trial. Hedrick argues that the DEA Agent's testimony was offered through a video deposition and we erroneously stated that the testimony was offered in open court. Hedrick also correctly argues that he did not waive his hearsay claim on appeal since he issued a continuing objection to the DEA Agent's deposition

testimony at his pretrial hearing and prior to its publication at his trial. The trial court overruled all of Hedrick's objections.

[4] Because Hedrick objected to the admission of the DEA Agent's deposition testimony on hearsay grounds, he therefore did not waive his hearsay claim for appellate review. Therefore, we grant his petition for rehearing to correct those errors in our original opinion. However, we find that in applying the harmless error analysis to the DEA Agent's deposition testimony and paired with the fact that there was enough evidence presented by the State to sustain Hedrick's convictions, we reaffirm our original opinion in all other respects.

## I. *The DEA Agent's Deposition*

[5] The admission or exclusion of evidence falls within the sound discretion of the trial court, and its determination regarding the admissibility of evidence is reviewed on appeal only for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Doolin v. State*, 970 N.E.2d 785, 787 (Ind. Ct. App. 2012). Hearsay is an out-of-court statement offered for "the truth of the matter asserted," and it is generally not admissible as evidence. Ind. Evidence Rules 801(c)(2), 802. "Whether a statement is hearsay will most often hinge on the purpose for which it is offered." *Blount v. State*, 22 N.E.3d 559, 565 (Ind. 2014) (quoting *United States v. Linwood*, 142 F.3d 418, 425 (7th Cir. 1998)).

[6] In our original opinion, we stated:

In the Fall of 2014, Hedrick was the target of a criminal investigation by the DEA after local pharmacies in Muncie reported Hedrick's practice. Specifically, the pharmacies informed the DEA that the total volume of "controlled substance prescriptions being prescribed out of [Hedrick's] . . . medical practice" was alarming. The pharmacies indicated that Hedrick's clinic was prescribing "dangerous combinations of controlled substances," *i.e.*, "narcotics . . . with anti-depressant." Some other pharmacies had altogether stopped filling prescriptions from Hedrick and his practice. Following those complaints, the DEA conducted surveillance of Hedrick's practice in Muncie in August and October of 2014.

*Hedrick*, 124 N.E.3d at 1278 (internal citations omitted).

[7]     At Hedrick's trial, the State explained that the DEA agent's deposition testimony related to "why the DEA was investigating [] Hedrick's practice." (Tr. Vol. II, p. 15). Out-of-court statements made to law enforcement officers are not hearsay if introduced primarily to explain why the investigation proceeded as it did. *Blount*, 22 N.E.3d at 565. Course-of-investigation testimony is excluded from hearsay only for the limited purpose of bridging gaps in the trial testimony that would otherwise substantially confuse or mislead the jury. *Id*.

For this reason, we must pay careful attention to the purpose for which an out-of-court statement is offered. The ultimate inquiry is: Was the out-of-court statement used primarily to show the truth of its content, constituting inadmissible hearsay, or merely to explain subsequent police action, excluded from hearsay?

*Id*. at 566. To answer this question, we turn to the following three-part test articulated in *Craig v. State*, 630 N.E.2d 207, 211 (Ind. 1994): (1) does the testimony describe an out-of-court statement asserting a fact susceptible of being true or false; (2) what is the evidentiary purpose of the proffered statement; and (3) is the fact to be proved relevant to some issue in the case, and does any danger of prejudice outweigh its probative value. *Id*.

[8] During his deposition, the DEA Agent was questioned on the steps the DEA took to investigate Hedrick and his practice concerning complaints they had received from local pharmacies in Muncie, Indiana. The DEA Agent testified as follows:

> The complaints focused primarily on the concerns that the local pharmacies had regarding the total number of prescriptions being, controlled substance prescriptions being prescribed out of his business entity, his medical practice, by him and his employees and the dangerous combinations of controlled substances being prescribed.

(Tr. Vol. II, p. 128). Turning to the first factor articulated in *Craig*, we find that the challenged complaints by the pharmacies were out-of-court statements susceptible of being true or false. The second part of the *Craig* test requires consideration of the evidentiary purpose of the statement. As noted, the State explained that the evidentiary purpose of the statement was not to prove that Hedrick had committed the forgery and registration offenses; rather, it was to explain the subsequent investigation by the DEA. Thus, we consider the last criteria in *Craig*: "Is the fact to be proved under the suggested purpose for the

statement relevant to some issue in the case, and does any danger of prejudice outweigh its probative value?" *Id*.

[9] In *Hernandez v. State*, 785 N.E.2d 294, 298 (Ind. Ct. App. 2003), *trans. denied*, we determined the relevance of evidence of "course of police work" testimony was slight when the genesis of the investigation was not relevant to any contested issue in the case. We held, however, that the prejudicial impact was great where the defendant was charged with promoting prostitution and the challenged testimony indicated the police began their investigation because they had received complaints about prostitution connected with the business. *Id*.

[10] The legitimacy of the DEA Agent's investigation was not a contested issue, therefore it had, at most, little probative value. On the other hand, the DEA Agent's testimony was relevant as circumstantial evidence of Hedrick's guilt. Thus, the prejudicial effect of the testimony was great, as it suggested that Hedrick actively participated in the forgery and registration offenses.

[11] We require a reasonable level of assurance that out-of-court statements are not presented by the proponent or considered by the factfinder as evidence of truth. *Williams v. State*, 544 N.E.2d 161, 162-63 (Ind. 1989). An immediate limiting instruction from the court may provide that assurance. *Id*. at 163. Having no such assurance here, the trial court abused its discretion in admitting the DEA Agent's deposition testimony concerning the pharmacies' complaints.

[12] Although the admission of the DEA Agent's deposition testimony was error, it was harmless. Reversal for the erroneous admission of hearsay evidence is

appropriate where the evidence caused prejudice to the defendant's substantial rights. *Craig*, 630 N.E.2d at 211. In determining whether error in the introduction of evidence affected the defendant's substantial rights, we must assess the probable impact of that evidence upon the jury. *Id.* The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Cook v. State,* 734 N.E.2d 563, 569 (Ind. 2000).

[13] After reviewing the record before us, we conclude that the error in the admission of the DEA Agent's deposition testimony was harmless. For the forgery offenses, Hedrick assigned that error to the medical assistants at his practice, claiming that the medical assistants must have generated the wrong prescription, which he mistakenly signed. Notwithstanding his assertion, the State presented evidence that Hedrick's pattern of conduct at his practice supported the conclusion that Hedrick did not make a mistake when he signed the three prescriptions bearing Gay Watson's name and suspended DEA registration number; rather, it was part of his business practice. In support, the State presented other instances where Hedrick or other members of his staff had signed prescriptions using someone else's name and DEA registration number. In addition, the State presented evidence that after the Board placed Hedrick's medical license on indefinite probation in 2013, several restrictions were put in place, and that following those restrictions, Hedrick's practice began facing severe cash-flow problems. As noted in our original opinion, the jury could

have reasonably concluded that amid the financial struggles of his practice, Hedrick took risks that he otherwise would not, *i.e.*, including applying a signature to prescriptions purporting to be written by Watson.

[14] For the registration offenses, Hedrick's claim at trial was that it was illogical for him to sign his own name to a prescription bearing Watson's name, and that the State's own evidence proved that it was easy to make such a mistake. Notwithstanding his claim, we found that the State presented uncontroverted evidence that prescription forms for controlled substances must bear the prescriber's name, DEA registration number, and must also be signed by the prescriber. As the prescribing doctor, Hedrick should have checked the prescription forms and ensured that all details were accurate.

[15] In light of all the evidence presented by the State regarding the forgery and registration offenses, we hold the erroneous admission of the DEA Agent's deposition testimony was harmless. Thus, our original opinion is hereby affirmed in all other aspects.

[16] Bailey, J. and Pyle, J. concur