**John BIBERSTINE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 70A01–9306–CR–195.**

Court of Appeals of Indiana,
First District.

April 18, 1994.

Transfer Denied June 22, 1994.

---

Michael R. Burrow, Wolf & Burrow, Greenfield, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Today, we decide whether the erroneous admission of sexually explicit evidence constitutes fundamental error or ineffective assistance of counsel. Appellant-defendant John Biberstine seeks a new trial based upon the erroneous admission of a sexually explicit magazine and related testimony during his jury trial for Child Seduction,[1] a Class D felony, three counts of Child Molesting,[2] two Class C felonies and one Class D felony, and Battery,[3] a Class A misdemeanor. In addition, Biberstine attacks the consecutive sentencing.

### FACTS

On July 5, 1992, Biberstine and his wife engaged in a heated argument which erupted into a physical altercation. Biberstine's sixteen-year-old step-daughter, A.B., called her minister for help. During the telephone call, A.B. related that Biberstine had been molesting her for four years. The minister contacted the police that day. Upon obtaining A.B.'s incriminating statement, the police arrested Biberstine. His wife consented to a search of their residence, wherein the police confiscated a sexually explicit magazine about incest, entitled "Homestyle Affairs," and Biberstine's calendar.

---

1.  IND.CODE 35–42–4–7(e).

2.  IND.CODE 35–42–4–3(c) and (d).

3.  IND.CODE 35–42–2–1.

On July 6, 1992, Biberstine confessed to the police that he had been molesting A.B. for approximately four years. During his confession, he admitted that he recorded in red ink on his calendar the number of times that he had oral and sexual intercourse with A.B.

At the jury trial, Biberstine recanted his confession and denied molesting A.B. He maintained that the calendar entries in red ink indicated the number of times he masturbated, not the times he had intercourse with A.B. Biberstine admitted that he had had Playboy and Penthouse magazines but had destroyed them days before A.B.'s accusations. He denied ever possessing the "Homestyle Affairs" magazine, and claimed that someone planted it in his basement.

A.B. testified that Biberstine had told her that he recorded their sexual interludes on his calendar in red ink. A.B. further testified that he had shown her his "girly magazines." Three police officers identified the "Homestyle Affairs" magazine as the only one found in Biberstine's basement. The magazine was admitted into evidence without objection and passed to the jury members. No objections were made concerning any testimony about the magazine. Biberstine was convicted on all five charges. The trial court ordered his sentences to be served consecutively.

### DISCUSSION AND DECISION

#### I. Fundamental Error

■ Biberstine first argues that the "Homestyle Affairs" magazine and the related testimony were irrelevant and unduly prejudicial. Biberstine acknowledges that he did not object at trial to the admission of the magazine into evidence or the related testimony, and he recognizes that failure to object results in waiver of the issue. *See Steelman v. State* (1992), Ind.App., 602 N.E.2d 152, 157. He contends, though, that the admission of this evidence constituted fundamental error; and thus, he did not waive this error by failing to object at trial. For an error to be fundamental, and thus transcend the procedural requirement that an objection be made at trial, the error must have been so

prejudicial to the defendant's rights that he could not have received a fair trial. *Id.* at 157–58.

Biberstine relies upon *Rafferty v. State* (1993), Ind.App., 610 N.E.2d 880, in which sexually explicit paraphernalia and related testimony were deemed irrelevant and unduly prejudicial where the evidence was never linked to the alleged child molestations. In *Rafferty,* obstinate objections to the admission of the prejudicial evidence were timely made but overruled. On appeal, we found that the erroneous admission of the evidence was not harmless error because it bolstered the State's witnesses' testimony which was the only evidence against the defendant. *Id.* at 884. Since *Rafferty* involved merely a credibility contest, we ordered a new trial because the erroneous admission of the irrelevant evidence prejudiced Rafferty's right to a fair trial. *Id.*

■ Biberstine correctly contends that the admission of the magazine and related testimony were irrelevant. The State failed to ascertain whether Biberstine showed the magazine to A.B. as a prelude to the molestations. Moreover, A.B. was not asked to identify the "Homestyle Affairs" magazine. Because the magazine was never linked to the charged crimes, it was irrelevant. *See Rafferty,* at 883. However, a new trial is not required here because Biberstine's trial differs greatly from *Rafferty* in that it was not simply a credibility contest. Besides A.B.'s testimony, the jury also heard Biberstine's admissible confession of the crimes. Although he recanted at trial, claiming that he confessed only because he thought that it would show A.B. how important his family was and prompt her to retract the accusations against him as false, his confession was substantial independent evidence that supports the jury's verdict. Thus, we find that the evidentiary error was harmless. *See* Ind. Trial Rule 61. Because Biberstine has not shown that he could not have received a fair trial, his fundamental error claim fails.

#### II. Ineffective Assistance of Counsel

■ In a further attempt to avoid waiver of the erroneous admission into evidence of the magazine and related testimony, Biber-

stine contends that he received ineffective assistance of counsel. An ineffective assistance claim requires a showing that counsel was deficient and that prejudice resulted from the deficient performance depriving the defendant of a reliable trial result. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 321.

Specifically, Biberstine asserts that his counsel was deficient in not objecting to the admission of the magazine and the related testimony. First, we note that Biberstine's defense was that A.B. fabricated the molestations out of anger. In corroboration of this defense, he denied possession of the "Homestyle Affairs" magazine and urged that someone planted it in his basement in order to buttress A.B.'s allegations of incest. The courts will not speculate about more advantageous strategies. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1373. We find that under the specific circumstances here, the decision not to object to this evidence was one of trial strategy. Although Biberstine's defense strategy was unsuccessful, it was not ineffectiveness of counsel. *See id.*

Additionally, in light of our fundamental error discussion, Biberstine's ineffective assistance claim similarly fails because he cannot establish that the trial result was unreliable.

### III. Consecutive Sentencing

Biberstine's third claim is that the trial court abused its discretion by ordering his five sentences to be served consecutively for a total of sixteen years and one hundred twenty days, of which five years was suspended. Trial courts have broad discretion in imposing consecutive sentences, but they must explain the reasons underlying the sentencing decision. *May v. State* (1991) Ind. App., 578 N.E.2d 716, 723. To be adequate, an explanation must include: 1) a list of the significant aggravating and mitigating factors, 2) a statement of the specific reason why each factor is aggravating or mitigating, and 3) an evaluation and balancing of the factors. *Id.* Biberstine argues only that the trial court did not satisfy the second requirement. *See Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. The trial court's explanation cannot merely recite the statutory fac-

tors, but rather must relate in some detail the facts peculiar to the defendant and the crime in order to facilitate appellate review of sentencing. *May,* at 723.

Biberstine correctly contends that the trial court did not delineate the particular facts of the case for each factor cited. The trial court identified the following aggravating factors: 1) Biberstine's complete lack of empathy for the victims, 2) the crimes were repeated over a long period of time, 3) they required a great deal of calculation, 4) there was more than one victim, 5) Biberstine's need for rehabilitation appropriate in a penal facility, 6) the carefully contrived execution of the crimes, and 7) Biberstine's attitude reflected in the police statements, at trial, and at the sentencing hearing indicated a high probability that the crime could recur. One aggravating factor may support the imposition of consecutive sentences. *Jones v. State* (1992), Ind., 600 N.E.2d 544, 548; *Berry v. State* (1990), Ind.App., 561 N.E.2d 832, 840. The last aggravating factor cited is an adequate explanation that illustrates the trial court's reasons for ordering consecutive sentences.

Additionally, we find the sentencing hearing transcript supports the trial court's recitation of the other aggravating factors. *See Jones,* at 548 (appellate court may examine the record for indications that the trial judge engaged in the required evaluative process). Thus, although the trial court did not articulate its reasons for each aggravating factor supporting consecutive sentences, we have examined the record and found indications that the trial court engaged in the proper evaluative process and the aggravating factors are supported by the record.

Judgment affirmed.

NAJAM and RUCKER, JJ., concur.