**Wayne BONNER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 20S03–9506–CR–633.**

Supreme Court of Indiana.

June 7, 1995.

Michael A. Dvorak, Hahn, Walz, Knepp, Dvorak & Higgins, South Bend, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Wayne Bonner was convicted of dealing in cocaine, a Class A felony. The Court of Appeals affirmed. *Bonner v. State* (1994), Ind.App., 641 N.E.2d 634. We now grant the defendant's petition for transfer. In his appeal, the defendant alleges three errors: (1) improper admission of hearsay evidence; (2) improper admission of testimony assuming facts not in evidence; and (3) improper admission of opinion testimony. The first issue is dispositive.

The Elkhart County Drug Task force received a tip that the defendant was dealing drugs and thereafter began a surveillance of his activities. During the period of surveillance, the officers observed the defendant engaging several times in what they believed to be drug transactions. These observations eventually culminated in the defendant's arrest. At trial, three officers testified, over defense objection, to the substance of statements made to them by informants.

The defendant claims that testimony at the trial concerning very specific details, such as the location of transactions and types of drugs sold, was improper hearsay and therefore inadmissible. Ind.Evidence Rule 802. The State responds that the testimony was merely introduced to demonstrate why the police took certain actions and that accord-

ingly it is not hearsay. In order for a statement to fall within the definition of "hearsay," it must be "offered in evidence to prove the truth of the matter asserted." Ind.Evidence Rule 801(c).

■ In *Craig v. State* (1994), Ind., 630 N.E.2d 207, this Court articulated the analysis to be employed where the admissibility of evidence of out-of-court statements received by police officers engaged in investigative work is challenged as hearsay, and the State urges a purpose other than to prove a fact asserted therein. Courts must first consider whether the fact to be proved under the State's suggested purpose for the statement is relevant to some issue in the case and whether any danger of prejudice outweighs its probative value. *Id.* at 211. Thus, in order for an out-of-court assertion of fact to be excluded from the definition of hearsay on grounds that it is not "offered to prove the truth of the matter asserted," Evid.R. 801(c), it must be offered for another purpose relevant under Rule 401 and must not be excludable under Rule 403. Because neither the propriety of the police's decision to investigate nor the specific content of the out-of-court statements to police was a material issue in the *Craig* trial, the statements were determined to have been erroneously admitted.

In the present case, three police officers testified to the fact that they had been informed that the defendant was trafficking drugs, two of them even specifying, inter alia, the names of the alleged drugs. *See* Record at 91–92, 255, 289. To illustrate, the following exchange with Undercover Agent 127 reveals the information presented to the jury:

Q  How did you first hear the name Wayne Bonner?

A  Through a piece of intelligence through the Elkhart County Drug—

Q  When you say, "piece of intelligence," what are you referring to?

.     .     .     .     .

A  Pieces of intelligence that I'm referring to are the day-to-day information that comes in from sources.

Q  What information did you have regarding Mr. Bonner?

A  We had information indicating that he was involved in drug trafficking in Elkhart County.

Q  When you say, "drug trafficking," what do you mean by that?

A  Sale of narcotics.

Q  And did you have any narcotics specifically that he was selling or a variety?

A  Had indicated that he was selling cocaine and/or marijuana.

Record at 92.

■ Neither the content of the informants' statements nor the propriety of the police initiating an investigation was seriously questioned at trial. Because the out-of-court statements lacked relevance to any contested issue other than the matters asserted therein, they must be viewed either as irrelevant or as hearsay and their admission was improper.

■ Although it was error for the trial court to admit the officers' testimony, we will not reverse the conviction if the error is harmless. *Craig*, 630 N.E.2d at 211. An error is not harmless if it prejudices the defendant's substantial rights. *Martin v. State* (1993), Ind., 622 N.E.2d 185, 188. *See also* Ind.Trial Rule 61. To determine whether the defendant's substantial rights were prejudiced, we must assess the probable impact of the improperly admitted evidence upon the jury. *Short v. State* (1982), Ind., 443 N.E.2d 298, 308. The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Jaske v. State* (1989), Ind., 539 N.E.2d 14, 22. A reversal may be compelled if the record as a whole discloses that the erroneously admitted evidence "was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 132 (quoting *Traver v. State* (1991), Ind., 568 N.E.2d 1009).

■ We must recognize that, despite other evidence of the defendant's guilt, the errone-

ously admitted testimony here was likely to have had a prejudicial impact upon the jury. The jury, faced with the responsibility of determining whether the defendant was guilty of the offense of dealing in cocaine on February 3, 1989, was subjected to repeated evidence that police received information before this date indicating that the defendant was participating in "drug trafficking" involving cocaine. This assertion was emphasized through its repetition in the separate testimony of three officers. Record at 92, 255, and 286–89.

We note a factor which may have diminished somewhat this resulting prejudicial impact. The trial court admonished the jury that the testimony was not to be "taken by you as the truth or falsity or anything about those statements whether they were true or not true" but were "solely admitted for the purpose of explaining to you why this officer and his co-workers did what they did. You're not to take those statements as being true or false." Record at 94–95. The presence of jury admonitions may be considered in determining whether an error is harmless. *Eliacin v. State* (1975), 263 Ind. 119, 123, 325 N.E.2d 201. However, the simple fact that an admonition is given does not necessarily mean that particularly prejudicial, erroneously admitted evidence will be erased from the minds of reasonable jurors or omitted from their deliberations. *See White v. State* (1971), 257 Ind. 64, 76–77, 272 N.E.2d 312, 317; *Smith v. State* (1984), Ind.App., 471 N.E.2d 733, 735–36.

In view of the nature, scope, and repetition of evidence at issue, we cannot conclude that there was no substantial likelihood that this evidence contributed to the conviction, and thus we decline to find the error harmless.

The decision of the Court of Appeals is vacated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

J.A.W., Appellant–Plaintiff,