**Marvin TAYLOR, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0001–CR–39.**

Court of Appeals of Indiana.

Sept. 21, 2000.

Transfer Denied Nov. 29, 2000.

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Marvin Taylor appeals his conviction by jury on one count of child molesting as a class A felony. He also appeals his sentencing upon conviction of seven counts of child molesting (two class A felony counts, two class B felony counts, two class C felony counts, and one class D felony count).

We reverse Taylor's one conviction and affirm his sentence on the other convictions.

### ISSUES

1. Whether evidence was erroneously admitted on the charge that he committed sexual deviate conduct with T., a child of age six or younger.

2. Whether Taylor's sentence is manifestly unreasonable.

### FACTS

Over the course of several years, Taylor committed various acts of child molesting upon an extended family of young cousins. When siblings Ki. and Ke. were in his care, he fondled Ki. (female, age 3 or 4) and engaged in sexual deviate conduct with Ke. (male, age 5). When their cousin A. was 6 or 7 years of age, Taylor attempted intercourse and engaged in deviate sexual conduct with her and also fondled her. When A. was about 8, Taylor also exposed him-

self to her. Further, Taylor was charged with having committed the crime of deviate sexual conduct with another cousin, T., when she was age 6 or younger.

Before trial, a hearing was held on the State's petition to introduce out-of-court statements of the children. The statements consist of videotapes of the initial interviews with A., Ki., Ke., T., and J. subsequent to their mothers' having contacted the Indianapolis Police Department. The interviews were conducted individually, with each child alone, by a child forensic interviewer with the Family Advocacy Center. After hearing testimony from the children and the person who conducted the interviews, and having viewed the videotapes, the court ruled that the children's videotaped statements were admissible. The ruling also found T. was "unavailable" to testify at trial.

At Taylor's jury trial, A., Ki., Ke., and T.'s brother J. all testified. When informed that T. was "outside crying and does not want to come inside," Taylor did not object to her not testifying at trial but expressly "preserve[d][his] objection to the video" being admitted into evidence as hearsay. (R. 720). Over Taylor's hearsay objection, the jury viewed the videotaped statement of T., as well as those of A., Ki., Ke., and J.

After his convictions, the trial court sentenced Taylor to the presumptive sentence on each of the 7 counts and ordered the sentences to be served consecutively. Accordingly, Taylor's sentence totals 89½ years.

1. *Admission of Evidence*

Taylor claims that the videotaped statement of T. should not have been admitted pursuant to Indiana Code § 35–37–4–6 because the trial court erred in determining that she was unavailable as defined therein. Specifically, Taylor argues that the trial court's finding of T.'s unavailability was improper because it lacked the statutory requirement of "testimony from a physician, psychiatrist or psychologist stat-

ing that [T.] ... would suffer serious emotional distress of being unable to communicate if made to testify in the Defendant's presence." Taylor's Brief at 6. Taylor contends the erroneous admission of T.'s statement requires the reversal of his conviction for criminal deviate conduct as to T. We agree.

Indiana law allows a videotaped statement of a child under 14 years of age, ("a protected person"), about a crime committed against that child to be "admissible in evidence" when a two-prong statutory test is met. IND.CODE § 35–37–4–6(d). "[A]ll of the following conditions" must be met. *Id.* First, the court must find,

in a hearing:

(A) conducted outside the presence of the jury; and

(B) attended by the protected person;

that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability

*Id.* Second, the protected person must (A) testify at trial or (B) be found

by the court to be unavailable as a witness for one (1) of the following reasons:

(i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.

(ii) The protected person cannot participate in the trial for medical reasons.

(iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.

*Id.*

As to the requirement of the first prong, such a pretrial hearing was conducted,

with Taylor present,[1] and the trial court expressly found T.'s statement reliable based upon an analysis pursuant to the factors in *Pierce v. State*, 677 N.E.2d 39 (Ind.1997). Taylor does not challenge the finding of reliability.

 However, as Taylor argues, the trial court erred when it failed to fully comply with the second prong of the statutory requirement. To admit a videotaped statement under this statutory provision, "the court *must* make a number of findings" after a hearing on the matter. *Pierce*, 677 N.E.2d at 43 (italics added). When the witness does not testify at trial, one such necessary finding that the trial court must make is that the protected person was found "unavailable" *either* because of incompetence by reason of inability to understand an oath "*or* for reasons related to the well being of the witness based on professional testimony." *Id.* (italics added).

The judge who ruled on the petition for the admission of T.'s videotaped statement – who was not the trial judge[2] – found as follows with respect to T.:

[T.] was six (6) years old and very diminutive at the time she testified on October 15th. She was nonverbal at first, and communicated by waving her hands. At other times, she placed her hand in her mouth. She was able to define the words "truth" and "lie" (lying was telling a story and the truth is what really happened); she could not identify examples of true or false statements (e.g., the clothes people in court were wearing). She did understand that she was supposed to tell the truth in court. When [the prosecutor] asked [T.] to identify Marvin Taylor in court, she put her head down on the witness stand and cried. She then hugged [the prosecutor] and asked for her mommy. She left the witness stand, sobbed in the foyer for

three to five minutes, and then returned to the witness stand. The Court finds that she is not available as a witness because testifying in Mr. Taylor's physical presence will cause her to suffer emotional distress such that she cannot reasonably communicate.

(R. 96–97). The ruling does not find that T. was incompetent by reason of her inability to understand an oath. Rather, as the ruling expressly states, the court found T. unavailable as a witness based upon the court's personal observation of T., leading the court to conclude that testifying at trial would cause T. to suffer such emotional distress that her ability to communicate would be impaired. However, the statute requires such a conclusion to be made upon "testimony of a psychiatrist, physician, or psychologist, *and* other evidence, if any." Ind.Code § 35–37–4–6(d)(2)(B)(i) (italics added). Although arguably the court's personal observation of T. satisfies the latter option for consideration of "other evidence" to support the conclusion specified, it does not relieve the court of its statutory mandate to hear testimony from a psychiatrist, physician, or psychologist to that effect in order to reach the conclusion.

 The State argues that Taylor's objection to the videotape testimony did not assert the lack of this expert testimony required by statute. However, it is undisputed that Taylor posed a hearsay objection. And it has long since been the law in Indiana that when the State asserts the admission of hearsay testimony based upon an exception for the unavailability of a witness, it bears the burden of showing "affirmatively the existence of all facts necessary to bring the secondary evidence clearly within the exception, and, unless this is done, the evidence should be excluded." *Levi v. State*, 182 Ind. 188, 104 N.E. 765, 766 (1914); *see also Crider v. Crider*, 635 N.E.2d 204, 214 (Ind.Ct.App.1994),

1. T. was also cross examined at the pretrial hearing by Taylor's counsel. *See* I.C. § 35–37–4–6(e)(1).

2. The trial judge apparently was unaware of the earlier ruling that found T. unavailable.

*trans. denied.* At the hearing on its petition to present the children's videotaped statements pursuant to the statute, the State did not present an expert as required by statute to testify about the effect on T. of testifying at trial. Nor did the State present such a witness to the trial court. Therefore, it was the State that failed to bear its burden of showing that the exception applied to allow the admission of T.'s videotaped statement when she did not testify at trial.

Further, the statute provides that compliance makes possible the admission of a videotaped statement "not otherwise admissible in evidence." Ind.Code 35–37–4–6(c). The State posits no other basis upon which T.'s statement was admissible. Thus, the failure to strictly comply with the clear mandate of the statute, and *Pierce*'s affirmation of its requirements, renders T.'s statement inadmissible hearsay – exactly the basis of Taylor's objection.

■ The State also argues that any error in the admission of the videotaped statement was harmless because the statement was "merely cumulative of other evidence," State's Brief at 8, and refers us to the testimony of T.'s brother, J. To support its argument, the State cites *Chappel v. State*, 591 N.E.2d 1011 (Ind.1992). In *Chappel*, possible error in admitting evidence was held to be harmless because it was cumulative to the evidence contained in the defendant's *confession*. Here, the offense charged was that Taylor committed sexual deviate conduct involving the penetration by his finger of T.'s sex organ. The only live testimony the jury heard on that count came from T.'s brother J., who testified he saw Taylor touch T. "on her private" on one occasion, (R. 685); however, J. did not provide any details as to this touching. The State directs us to no evidence other than J.'s testimony as rendering the videotape statement "merely cumulative."[3] Moreover, although J. also

testified that Taylor had touched him one time "on [his] butt," (R. 685), the jury acquitted Taylor on the charge of fondling J.

■ The erroneous admission of evidence is not harmless if it prejudices the defendant's substantial rights. *Bonner v. State*, 650 N.E.2d 1139, 1141 (Ind.1995).

To determine whether the defendant's substantial rights were prejudiced, we must assess the probable impact of the improperly admitted evidence upon the jury. The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. A reversal may be compelled if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict.

*Id.* (citations omitted).

The brief, undetailed testimony from J. about Taylor's action with respect to T. has already been described. In J.'s videotaped statement, he first says, "I don't know" when asked about whether Taylor did anything to T., but later in the videotape says Taylor touched her "on her front, her private" and "touched her on the front with her pants on." (R. 672). Because only T.'s videotaped statement provided any details surrounding the charge that Taylor committed the act of sexual deviate conduct with T., it is not "merely cumulative" to J.'s trial testimony and his videotaped statement, as the State argues. Moreover, the nature and content of the evidence provided by J. does not constitute "substantial independent evidence of guilt." *See Bonner.* Further, T.'s videotape contains repeated statements by T. about Taylor's having rubbed her "inside"

**3.** Cumulative evidence is that which goes to prove what has already been established by other evidence. *Davis v. State*, 456 N.E.2d 405, 409 (Ind.1983).

her private. (R. 674). In addition, T.'s obvious discomfort when talking about what Taylor did makes her videotaped statement particularly compelling. Upon review of the record as a whole, and in view of "the nature, scope and repetition" in the videotape of the evidence at issue, "we cannot conclude that there was no substantial likelihood that" T.'s videotaped statement did not have "a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." *Bonner*, 650 N.E.2d at 1141. Therefore "we decline to find the error harmless." *Id.* We reverse and remand for a new trial on the charge of committing child molesting as to T. *See Id.*

### 2. Sentence

■ Taylor contends that although his sentence is authorized by statute, as the presumptive sentence was imposed on each count,[4] it is manifestly unreasonable. He notes that a trial court "may consider" statutory aggravating and mitigating circumstances in a determination regarding consecutive sentences. *See* Ind.Code 35–50–1–2(c). He then argues that the trial court erred when it failed to discuss Taylor's remorse when it found aggravating circumstances but no mitigating circumstances. We disagree.

Taylor does not challenge the trial court's finding of aggravating circumstances as follows:

There's a high risk that the Defendant will commit another crime. The number of offenses that were charged by the State and the Defendant's, it has appeared to the Court that the Defendant continued to molest different members of his family over a period of time indicates to this Court that there's a high risk that the defendant will commit another crime, this wasn't an isolated incident, you know, was unplanned or, you know, like a knee-jerk reaction to a situation. Obviously, these were planned

and committed over a period of time. Secondly, the Defendant was in a position of trust to the victim[s] as well as the victim[s'] families. I think these were vulnerable families for a crime like this to occur. There were no significant, or, there may have been one, I guess, significant role model, but there weren't many men in these children's lives, and I think they were very vulnerable at that time to Mr. Taylor and he became trusted by the children, as well as their parents. The Defendant's criminal history is also an aggravating circumstance, he's not been a peaceful member of our community. He's had thirteen prior arrests, seven prior convictions, one of which was a felony conviction, I believe, in 1980 for a theft, the Court finds that that's an aggravating circumstance

(R. 893–894).

Moreover, the only evidence of remorse was counsel's statement that Taylor was "still maintaining his innocence in this offense" but nevertheless felt "remorse that the children have had to go through this" (R. 891).

As our supreme court explained in *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993),

The trial court is not required to find the presence of mitigating factors. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. Further, the trial court is not required to weigh or credit the mitigating evidence the way appellant suggests it should be credited or weighed.

Accordingly, the trial court did not err when it failed to find remorse on the part of Taylor to be a mitigating circumstance here, and we find no sentencing error in that regard.

---

**4.** Because the presumptive sentence was imposed upon each count, our discussion of this issue presumes such sentencing on all counts except the one we reverse.

We affirm in part and reverse in part and remand for a new trial as to Count VII of the information.

MATTINGLY, J., and BROOK, J., concur.