Gilbert P. WERNE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Appellee.

No. 19A01–0011–CR–383.

Court of Appeals of Indiana.

June 20, 2001.

Transfer Denied September 11, 2001.

Scott A. Blazey, Ripstra Law Office, Jasper, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Gilbert P. Werne was convicted of one count of child molesting, a Class C felony. In this appeal, he raises two issues, which we restate as the following dispositive issue: whether the trial court erred in admitting a prior, uncharged act of fondling under the intent exception to Evidence Rule 404(b). We reverse.

### Facts and Procedural History

On May 22, 1999, six-year-old N.A. told her mother, Deborah Abell, that their neighbor, Gilbert Werne, had touched her "on [her] shorts" in the area where she pees. R. at 587. According to N.A., the fondling had occurred several times. On May 24, Abell went to Werne's house and confronted him with the allegation. Werne initially denied any involvement; however, according to Abell, he later told her, "I promise I'll never do it again." R. at 603. Abell reported the incident to police a few days later.

In the course of the investigation, Werne, seventy-eight years old at the time, voluntarily checked himself into a hospital because of stress caused by the allegation. While hospitalized, he spoke to a police officer, denying any fondling but reporting that on one occasion N.A. had jumped on his back and taken his cap off. He stated that he "pushed her back" and "might have touched her" in retrieving the cap. R. at 309.

On June 28, 1999, the State charged Werne with one count of child molesting, a Class C felony.[1] Werne filed a pretrial motion in limine seeking exclusion of evidence of other alleged molestations that

---

1. The State also charged Werne with two counts of child solicitation allegedly involving different victims and occurring in 1985 and 1993. These charges were severed from the child molesting charge at issue in this case, and thus are not relevant to this appeal.

had occurred two and one-half years, six years, and fourteen years earlier. The trial court ruled that the six and fourteen year old incidents were inadmissible as being too remote in time. It ruled that Werne's statement to police "open[ed] the door" to the two and one-half year old incident. "However, I don't believe it opens the door enough to allow that witness ... to testify in the State's case in chief," but may allow her to testify in rebuttal depending on the evidence developed at trial. R. at 316.

The case went to trial on June 29, 2000. In his opening statement, defense counsel told the jury that he "believe[d] the evidence will show that this is the type of touching case where the touching occurred over the clothes. It was an over the clothing type touching case, so I wanted to throw that fact out there for you, something for you to look for." R. at 519. After opening statements, the trial court reversed its earlier ruling and ruled that it would allow testimony about the two and one-half year old incident based on Werne's pretrial statement to police and defense counsel's opening statement. The pretrial statement was not admitted at trial, but the alleged victim of the two and one-half year old incident, S.M., was allowed to testify. She testified that her family was building a house in the Wernes' neighborhood in 1996. When she walked by Werne's house, he asked her to be "his girlfriend" and said that he would "give [her] everything [she] wanted." R. at 750. According to S.M., on another occasion Werne "put his hand on [her] butt." R. at 757.

The jury found Werne guilty of child molesting, a Class C felony, and the trial court sentenced him to the presumptive term of four years. He appeals.

## Discussion and Decision

Werne contends that the trial court violated Evidence Rule 404(b) in allowing the State to present evidence of his alleged fondling of S.M. two and one-half years before the charge involving N.A. The State responds that the evidence was properly admitted under the "intent" exception of Rule 404(b).

Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." When the State attempts to introduce evidence of a defendant's other crimes, wrongs, or acts, the trial court must perform a two-part inquiry: first, the court must determine whether the prior bad act evidence "is relevant to a matter at issue other than the defendant's propensity to commit the charged act." *Hicks v. State,* 690 N.E.2d 215, 221 (Ind.1997). If the evidence is offered only to produce the "forbidden inference," i.e., that the defendant had engaged in other, uncharged misconduct and that the charged conduct was in conformity with the uncharged misconduct, then the evidence is inadmissible. *Id.* at 219. If the evidence passes the first hurdle, however, the court must then "balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403." *Id.* at 221 & n. 10. The trial court has wide latitude in weighing these factors, and its ruling will be reviewed only for an abuse of discretion. *Crain v. State,* 736 N.E.2d 1223, 1235 (Ind.2000).

Here, the evidence of the S.M. incident was offered under the intent exception to Rule 404(b). As our supreme court ex-

plained in *Wickizer v. State,* 626 N.E.2d 795, 799 (Ind.1993), this exception is

available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense.

In this case, the trial court ruled Werne placed his intent in issue in his pretrial statement to police and in defense counsel's opening statement. We disagree.

■ In the pretrial statement, Werne told police that he and N.A. would sometimes wrestle and she would jump on his back or take his cap. Thus, although he may have touched her, there was no suggestion of touching in the genital area, which formed the basis of the child molesting charge. Moreover, this statement was ruled inadmissible, and thus its content could not be considered to have put Werne's intent into issue.

The same is true of defense counsel's opening statement. Near the beginning of opening statement, defense counsel told the jury that he "believe[d] the evidence will show that this is the type of touching case where the touching occurred over the clothes. It was an over the clothing type touching case, so I wanted to throw that fact out there for you, something for you to look for." R. at 519. Presented with the difficult task of defending a child molesting case, defense counsel appears to have sought early on to minimize the seriousness of the charge and thus the unfavorable light in which some jurors may have viewed his client. There was no mention of an accidental or inadvertent touching.

In sum, neither the inadmissible pretrial statement nor the opening statement of defense counsel can be viewed as an affirmative presentation of a contrary intent by Werne. Thus, the evidence regarding S.M. was improperly admitted under the intent exception of Rule 404(b).

■ Nevertheless, the State asserts that the error is harmless. "[A]n error will be found harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." *Fleener v. State,* 656 N.E.2d 1140, 1142 (Ind.1995); *see also* Ind. Trial Rule 61. The State points to the following evidence at trial: (1) N.A.'s testimony that Werne touched her between her legs on several occasions; (2) her mother's testimony about N.A. relating the incidents to her; (3) her mother's testimony that Werne told her "I promise I'll never do it again;" and (4) a neighbor's testimony that he had once seen Werne reach around N.A. and put his hands into her front pockets. Brief of Appellee at 12.[2] The

---

**2.** The State also points to the testimony of Werne's wife, who testified in his case-in-chief about an incident in which Werne and N.A. were picking up pinecones and N.A. asked Werne to put some pinecones into her front pockets. The State contends that this testimony "affirmatively presented a claim of contrary intent," which would have allowed the State to present S.M.'s 404(b) testimony in rebuttal. "Moreover, it is reasonable to assume that Werne would have presented this evidence even if [S.M.] had not already testified because it was clearly aimed at explaining Ben Frick's eyewitness testimony about seeing Werne put his hands into [N.A.'s] front pockets." Brief of Appellee at 13. We are unconvinced by the State's assumption-laden presumptions concerning defense strategy.

State describes this as "substantial evidence" of guilt. We do not agree.

This case distills to whether or not the jury believed N.A. Although her testimony was bolstered, at least to some extent, by that of her mother and their neighbor, the impact of the erroneously admitted 404(b) evidence was substantial and cannot be diminished.

A child molesting case is arguably the most emotionally charged type of case in which a jury must hear often-graphic testimony of the sexual violation of a child. Such cases often hinge on the child's credibility, and interjecting another allegation of molestation is almost certain to give much more credibility to the charged allegation. As our supreme court noted in *Wickizer*, "[a]dmission of prior uncharged misconduct infers that the defendant is of bad character and poses the danger that the jury will convict solely upon this inference. Similarly, authoritative commentators have noted that the admission of uncharged misconduct may weigh heavily against a defendant, even becoming a dispositive factor in conviction." 626 N.E.2d at 797 (citations removed).

In *Wickizer*, the trial court erroneously admitted testimony about the defendant's alleged molestation of two other boys. The court held this was not harmless error because the State stressed these other acts "in its opening statement, in its presentation of prior conduct evidence, and by reemphasis during its closing argument." *Id.* at 801. Although the State cites no specific authority in support of its harmless error argument, we note that this court has found the erroneous admission of evidence to be harmless in other child molesting cases. For example, in *Biberstine v. State*, 632 N.E.2d 377, 379 (Ind.Ct.

App.1994), *trans. denied*, this court found the erroneous admission of a sexually explicit magazine about incest to be harmless because the defendant had confessed to the crimes and that confession was properly admitted. In *Rickey v. State*, 661 N.E.2d 18, 23 (Ind.Ct.App.1996), *trans. denied*, we found that the admission of alleged hearsay, if error at all, was harmless because it "was merely cumulative of significant independent evidence" of the defendant's guilt.

█ Here, unlike *Wickizer*, the State was precluded from mentioning the prior misconduct evidence in its opening statement, but did admit the evidence in its case-in-chief and discussed it in closing argument. Although the prior misconduct evidence in this case may not have been as powerful as that in *Wickizer*, it was surely more persuasive on the jury than the cumulative evidence in *Rickey*. Moreover, unlike *Biberstine*, the defendant did not confess to the crimes in this case. For all of these reasons, we hold that the erroneously admitted 404(b) testimony was not harmless error.

█ As a final point, we must consider Werne's sufficiency argument, as it bears on whether or not he may be retried. *Wickizer*, 626 N.E.2d at 801. In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing the evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.* Based on the testimony of N.A., her mother, and the neighbor, as recounted above, there is suf-

The adverse 404(b) ruling was made at the beginning of trial, and S.M. testified long before Werne's wife.

ficient evidence such that retrial is not barred by the Double Jeopardy Clause.

### Conclusion

The judgment of the trial court is reversed, and this case is remanded for retrial at the discretion of the prosecutor.

Reversed and remanded.

BAKER, J., concurs.

BAILEY, J., dissents with separate opinion.

Judge BAILEY dissenting.

I respectfully dissent. In my opinion, defense counsel opened the door to the admission of evidence relevant to Werne's intent by making the following claim in his opening statement: "We believe the evidence will show that this is the type of touching case where the touching occurred over the clothes." R. at 519.

In order to admit Indiana Evidence Rule 404(b) evidence, the trial court must (1) determine that the evidence is relevant to a matter at issue other than the defendant's propensity to commit the charged act, and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Jackson v. State*, 728 N.E.2d 147, 152 (Ind. 2000). This balancing is reviewed for an abuse of discretion. *Id.* In addition, otherwise inadmissible evidence may become admissible where the defendant "opens the door" to questioning on that evidence. *Id.* The evidence relied upon to "open the door" must leave the trier of fact with a false or misleading impression of the facts related. *Id.*

Werne did not deny that the touching took place; rather, he attempted to minimize the conduct by emphasizing that the touching was "over the clothes," which suggests inadvertence. In so doing, he fostered the impression that he did not commit an act for which he was criminally culpable. The child molesting statute under which Werne was charged, Indiana Code section 35–42–4–3(B), does not provide for degrees of penalty related to whether the touching is over or underneath clothing. Rather, the defendant is properly convicted of a Class C felony if the State satisfies its burden to prove that a defendant touched a child less than fourteen years of age with the intent to arouse or satisfy the sexual desires of the child or defendant. Thus, the only possible inquiry to which counsel's statement was directed was whether the touching took place with the intent to gratify a sexual desire. Counsel alluded to the State's inability to prove an essential element of the charged crime, intent to gratify a sexual desire, and the State had the right and obligation to rebut that argument with evidence of a prior bad act. The trial court did not abuse its discretion in admitting the testimony of S.M.

Moreover, reversal is compelled only if the record as a whole discloses that erroneously admitted evidence was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict. *Bonner v. State*, 650 N.E.2d 1139, 1141 (Ind.1995). The evidence is overwhelming evidence that Werne committed the instant offense. N.A. testified that Werne touched her in the area "where she would pee" more than ten times. R. at 553. N.A.'s mother testified that she confronted Werne about the touching and Werne responded "I promise I'll never do it again." R. at 603. N.A.'s father testified that N.A. pointed to her crotch and reported that Werne had touched her there. Ben Frick, a neighbor of both Werne and N.A., testified that he saw Werne stop N.A. as she was trying to go to another neighbor's house and hold N.A. back as she struggled. Werne then

reached around N.A. from behind and placed his hands into her pockets. Accordingly, the admission of S.M.'s testimony that Werne "put his hand on her butt," R. at 751, would not have contributed to the jury's verdict.

I would affirm Werne's conviction of child molesting.