Traci JACOBS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A03–0305–CR–179.

Court of Appeals of Indiana.

Feb. 10, 2004.

David A. Brooks, Lyons, Sullivan & Brooks, Valparaiso, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Traci Jacobs ("Jacobs") was convicted of Class B felony dealing in methamphet-

amine,[1] Class B felony conspiracy to deal in methamphetamine,[2] and Class A misdemeanor resisting law enforcement[3] in Starke Circuit Court. Jacobs appeals, raising the following restated issues for appellate review:

I. Whether the testimony of a State witness was incredibly dubious; and,

II. Whether the admission of two items into evidence was error.

Concluding that the incredible dubiosity rule is inapplicable to the facts of this case and the admission of evidence in question was harmless error, we affirm.

## Facts and Procedural History

On January 11, 2003, Jacobs, Michael Manns ("Manns"), and several other individuals smoked the last of their methamphetamine in Sherry Gross–Wireman's ("Wireman's") trailer located at 5121 Driftwood Lane in North Judson, Indiana.

Shortly thereafter, this group began manufacturing methamphetamine. Jacobs' involvement in this production included, among other tasks, the removal of lithium strips from batteries with side cutters and pliers. Tr. p. 384. Jacobs also negotiated the sale of the projected methamphetamine to Ron Fisher, who indicated that he could "wholesale" the product for $225.

The subsequent production of methamphetamine produced an odor that could be detected far from the confines of Wireman's trailer. Consequently, the Starke County Sheriff's Department arrived to investigate. When the occupants of Wireman's trailer saw the sheriff's deputies, they fled. Subsequently, Deputy Bret Hansen encountered Jacobs behind a garage and yelled, "Police Stop!" twice in Jacobs' direction. Tr. p. 219. Jacobs at-

tempted to flee, but Deputy Hansen was able to catch her and place her under arrest.

After obtaining a search warrant, the deputies entered Wireman's trailer. Upon entering, the deputies discovered active methamphetamine laboratories in two bedrooms, a purse with Jacobs' library card, pliers, and vice grips in it, and Manns passed out in one of the bedrooms. Manns apparently had passed out as a result of the odors emanating from the methamphetamine production process.

The State charged Jacobs by information with Class B felony dealing in methamphetamine, Class B felony conspiracy to deal in methamphetamine, and Class A misdemeanor resisting law enforcement. Jacobs proceeded to jury trial on February 13, 2003, and the jury found Jacobs guilty on all counts on February 15, 2003. The trial court sentenced Jacobs to ten-years executed in the Department of Correction for her Class B felony dealing in methamphetamine conviction, ten-years executed in the Department of Correction for her Class B felony conspiracy to deal in methamphetamine conviction, and one-year executed in the Starke County Jail for her Class A misdemeanor resisting law enforcement conviction. The trial court also ordered Jacobs' sentences to be served concurrently and gave Jacobs time-served credit of 120 days. Jacobs now appeals.

## I. Incredible Dubiosity

■ Jacobs contends that the evidence supporting her conviction is insufficient because the testimony of the State's chief witness, Manns, is incredibly dubious.

1. Ind.Code § 35–48–4–1(a)(1)(A) (1998).

2. Ind.Code §§ 35–48–4–1(a)(1)(A); 35–41–5–2 (1998).

3. Ind.Code § 35–44–3–3(a)(3) (1998).

In addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing the evidence or assessing witness credibility, and determine whether a reasonable trier of fact could have found guilt beyond a reasonable doubt. *Corbett v. State,* 764 N.E.2d 622, 626 (Ind.2002). However, under the incredible dubiosity rule, a reviewing court may impinge upon the fact-finder's responsibility to judge witness credibility when "a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence." *Id.* (quoting *Tillman v. State,* 642 N.E.2d 221, 223 (Ind.1994)).

The application of the incredible dubiosity rule is precluded when circumstantial evidence supports a conviction. *Id.* Jacobs' library card, pliers, and vice grips found in a purse is very strong circumstantial evidence suggesting that Jacobs was involved in the production of methamphetamine and corroborates Manns' testimony—which indicated that, despite her pregnancy, Jacobs was involved in the use, production, and sale of methamphetamine. Tr. p. 300. Furthermore, Jacobs fled after the sheriff's department arrived at Wireman's trailer. *See Gee v. State,* 526 N.E.2d 1152, 1154 (Ind.1988) ("Flight from the scene of a crime may be considered circumstantial evidence of guilt.").

Because of the circumstantial evidence of Jacob's guilt, the incredible dubiosity rule may not be applied to this case, and sufficient evidence was presented to support Jacob's conviction.

## II. The Admission of Evidence

The decision to admit or exclude evidence is a matter within the sound discretion of the trial court. *Pickens v. State,* 764 N.E.2d 295, 297 (Ind.Ct.App.2002), *trans. denied.* An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Even if the trial court abused its discretion in admitting evidence, we will not reverse a conviction if the error is harmless. *Bonner v. State,* 650 N.E.2d 1139, 1141 (Ind. 1995).

### A. The admission of the search warrant

Jacobs contends that the trial court abused its discretion when it admitted the search warrant used to gain access to Wireman's trailer. The State concedes that the trial court abused its discretion, but contends that Jacobs has failed to demonstrate that the error was prejudicial. Br. of Appellee at 7.

If a trial court improperly admits a search warrant, a defendant must demonstrate that the admission is prejudicial before his or her conviction may be vacated. *Guajardo v. State,* 496 N.E.2d 1300, 1303 (Ind.1986). Jacob's attempt to demonstrate prejudice is confined entirely to commenting upon the lack of independent evidence of guilt and fails to demonstrate that there is an aspect of the search warrant that prejudiced her at trial.[4] Indeed, the presence of independent evidence of guilt is often useful when determining whether an error contributed to a verdict. However, before reversal may be had, the defendant must meet the *initial burden* of demonstrating that there is information in

---

4. In light of Manns' testimony, Jacobs' library card, pliers, and vice grips found in a purse, and Jacobs' flight, we reject Jacobs' assertion that there is no independent evidence supporting her conviction.

or an aspect of the search warrant that could contribute to his or her verdict if viewed by a jury.

Prejudicial information is "often" contained in a search warrant; however, this is not always the case. *Guajardo,* 496 N.E.2d at 1303. The warrant that allowed the deputies to enter Wireman's trailer contains no mention of Jacobs and contains no allegations or information that was not exposed to the jury at Jacobs' trial by other means.[5] Ex. Vol., State's p. 68. Because Jacobs failed to demonstrate that the admission of the search warrant contributed to her verdict and it is far from apparent that the admission had such an affect, she is not entitled to relief as a result of the admission.

**B. The admission of Jacobs' boots.**

 During the first day of trial, one of the State's witnesses noticed that the boots Jacobs wore at trial were similar to the boots found in one of the rooms where methamphetamine was being manufactured. Consequently, after the first day of trial, the State confiscated Jacobs' boots and entered them into evidence.

On appeal, Jacobs asserts that her boots should not have been admitted on the basis that they were irrelevant to her guilt. In so asserting, Jacobs states, "[c]an the possession of women's black leather boots … make it more or less likely that Traci Jacobs was manufacturing methamphetamine?" Br. of Appellant at 9. Presumably, Jacobs is asserting that the answer to this question is "obviously no."

Jacobs' assertion concerning the lack of influence of the admission of her boots also speaks to the resulting prejudice of the admission. Furthermore, the phrase "[t]hose exhibits were, in fact, prejudicial to Traci Jacobs' defense" constitutes the

entirety of Jacobs' prejudice argument. Thus, Jacobs' failure to demonstrate prejudice and the fact that prejudice is far from apparent render any possible error in the admission of her boots harmless.

**Conclusion**

Jacobs is not entitled to the application of the incredible dubiosity rule, and any errors in the admission of evidence were harmless.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

---

5. The presence of methamphetamine in Wire- man's trailer was not in dispute in this case.