# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER L. PATCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 68A05-1309-CR-460 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE RANDOLPH SUPERIOR COURT
The Honorable Peter D. Haviza, Judge
Cause No. 68D01-1203-FB-153

**July 25, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jennifer L. Patch appeals her conviction of Class B felony conspiracy to commit burglary.[1]  She asserts two issues on appeal:

1.      Whether the evidence was sufficient to support her conviction, and

2.      Whether the trial court properly denied her motion for mistrial when the prosecutor conferred with a State's witness between direct and cross examinations.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In March 2011, Patch, a correctional officer, was dating Cheryl Guise, a percussionist. Guise did not use a bank, but instead kept her cash inside a safe.  The safe was located in Guise's house, under a large xylophone and clothing, and the key was in the lock.  Only two people knew where Guise kept her safe: her friend, Ann Hicks, and Patch.

After a rehearsal, it was customary for Guise to meet several friends at IHOP.  Guise told Patch that she was meeting friends at IHOP on March 16, 2011.  Guise emailed Patch two days in advance and put the event on her Google calendar, to which Patch had access. Patch met Guise at IHOP and, while they were there, Guise's house was burglarized and her safe was stolen.

Unbeknownst to Guise, Patch was also dating Sarah Reese, a fellow correctional officer.  Over the course of text conversations, Patch told Reese about Guise's safe and they discussed how Reese would steal it.  Patch told Reese she would leave the window unlocked in Guise's house and that she and Guise would be at IHOP.  Reese burglarized Guise's home

---

[1] Ind. Code § 35-41-5-2 (2012) (conspiracy); Ind. Code § 35-43-2-1 (2012)  (burglary).

2

taking only her safe.

Reese could not get the safe open, so she took it to a friend, Curtis Sharp, who was able to open it. Reese told Sharp that she had stolen the safe. Once Sharp opened the safe, Reese found $2000.00 along with a variety of legal papers. Reese gave the money to Patch the next day.

When Guise realized her home had been burglarized, she immediately called the police. Reese admitted she burglarized the home and Patch was involved.

The State charged Patch with Class B felony conspiracy to commit burglary and Class D felony conspiracy to commit theft.[2] Prior to trial, a witness separation order was entered. During trial, between the direct and cross-examinations of Reese, the court took a recess. During this recess, Reese met with her counsel and the prosecutor. Patch's mother, husband, and a friend overheard some of the conversation, which prompted Patch to move for a mistrial when the trial reconvened. Patch asserted Reese's conversation with her attorney and the prosecutor violated the witness separation order and amounted to prosecutorial misconduct. The trial court denied a mistrial and stated there was no prosecutorial misconduct. The jury found Patch guilty of Class B felony conspiracy to commit burglary.

## DISCUSSION AND DECISION

1. Sufficiency of Evidence

When reviewing sufficiency of evidence, we do not reweigh evidence or judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider the evidence most

---

[2] Ind. Code § 35-41-5-2 (2012) (conspiracy); Ind. Code § 35-43-4-2 (2012) (theft).

favorable to the judgment, and will not reverse if a reasonable fact-finder could find the elements of the crime had been proven beyond a reasonable doubt. *Id.* Our review "respects the jury's exclusive province to weigh conflicting evidence." *Allen v. State*, 844 N.E.2d 534, 536 (Ind. Ct. App. 2006), *trans. denied*.

To prove Patch committed Class B felony conspiracy to commit burglary, the State had to present evidence that she had the intent to commit the felony, she had an agreement with another person to commit the felony, and either she or the other person committed an overt act in furtherance of the conspiracy. Ind. Code § 35-41-5-2. Patch disputes only that there was an agreement with Reese to commit burglary.

Patch asserts the evidence is not sufficient to support her conviction because Reese's testimony was incredibly dubious.[3] The "incredible dubiosity" rule applies "where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt." *Whedon v. State*, 765 N.E.2d 1276, 1278 (Ind. 2002).

Reese testified she exchanged text messages with Patch about the burglary, Patch told her where the safe was, and Patch unlocked the window for her. Guise testified she had told only Patch and Hicks of the safe's location. Reese confirmed she learned about the safe and its location from Patch. Both Guise and Reese testified that Reese had never met Guise and had never been to her residence. As there was circumstantial evidence of guilt, we find that

---

[3] Patch also asserts Reese was motivated to lie and try to frame her because of jealousy and retaliation. That is an invitation to judge the credibility of the witness, which we cannot do. *Drane*, 867 N.E.2d at 146.

4

Patch has not demonstrated Reese's testimony was incredibly dubious and affirm. *See*

*Jacobs v. State*, 802 N.E.2d 995, 998 (Ind. Ct. App. 2004) (holding the incredible dubiosity

rule is precluded when circumstantial evidence supports a conviction).

2.     Prosecutorial Misconduct

Whether to grant a mistrial is a decision left to the sound discretion of the trial court.

*Pavey v. State*, 764 N.E.2d 692, 698 (Ind. Ct. App. 2002), *trans. denied*.  "The trial court's

decision is afforded great deference on appeal because the trial court is in the best position to

gauge the surrounding circumstances of the event and its impact on the jury." *Id.*  "The

declaration of a mistrial is an extreme action which is warranted only when no other recourse

could remedy the perilous situation." *Id.*  Patch asserts the trial court committed reversible

error when it denied her motion for a mistrial, because there was prosecutorial misconduct.

"In reviewing a claim of prosecutorial misconduct, we determine (1) whether the

prosecutor engaged in misconduct, and if so (2) whether that misconduct, under all of the

circumstances, placed the defendant in a position of grave peril to which he or she should not

have been subjected." *Coleman v. State*, 750 N.E.2d 370, 374 (Ind. 2001).  Patch asserts

prosecutorial misconduct occurred when Reese met with the prosecutor and her counsel

between her direct and cross examinations.

Patch cites *Perry v. Leeke*, 488 U.S. 272 (1989), in support of her motion for mistrial

on the basis that "[i]t talks about its common practice for a Judge to instruct a witness not to

discuss his testimony third [sic] parties [. . .] and it also talks about not be [sic] entitled to the

right to advice of counsel between cross examination or direct examination and cross

5

examination[.]" (Tr. at 141.) After the motion, the testimony of Patch's mother, husband, and friend were taken. Each said they heard something about text messages, but could not determine what the conversation was about or exactly what was being said. Patch repeatedly referred to the order to separate witnesses during the ruling on her motion for a mistrial, but such orders presumably apply to witnesses, not counsel or the prosecutor. *Jiosa v. State*, 755 N.E.2d 605, 608 (Ind. 2001) (stating that the witness separation order "does not prohibit counsel from consulting with the witness."). The trial court so stated in its denial of the motion for a mistrial. (*See* Tr. at 167-68) (court states the separation of witnesses applies only to witnesses and there was no violation of that order).

In *Perry*, the Court stated, "[o]ur conclusion does not mean that trial judges must forbid consultation between a defendant and his counsel during such brief recesses. As a matter of discretion in individual cases, or of practice for individual trial judges, or indeed, as a matter of law in some States, it may well be appropriate to permit such consultation." 488 U.S. at 284. As there was no order to separate Reese from her counsel or from the prosecutor, Patch has not demonstrated prosecutorial misconduct, and we agree the court was within its discretion to deny the motion for a mistrial. *See id.* (holding the trial judge has discretion to allow or disallow consultation between direct and cross examination).

## CONCLUSION

The evidence is sufficient to convict Patch of Class B felony conspiracy to commit

burglary, and the trial court did not abuse its discretion when it denied Patch's motion for a mistrial. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur